IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIWANTA ALI,

        Petitioner,                          OPINION & ORDER

    v.                                              17-cv-12-wmc
                                                                11-cr-6-wmc

UNITED STATES of AMERICA,

        Respondent.

---

Petitioner Kiwanta Ali filed a motion for post-conviction relief under 28 U.S.C. § 2255, seeking relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that language in the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. The Court of Appeals for the Seventh Circuit authorized this successive petition (dkt. #1) and petitioner filed a motion for assistance in recruiting counsel (dkt. #3). Since the *Johnson* decision does not affect his sentence, however, the court must deny his motion and dismiss this petition.

OPINION

Under § 924(e), a defendant is subject to a significantly greater sentence if the court finds that, among other things, the defendant has three prior felonies for either a violent felony or serious drug offense. A "violent felony" is defined as a crime that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk*

1

*of physical injury to another*.

§ 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court found the italicized language in subsection (ii) (the so-called "residual clause") was too vague to satisfy due process guaranteed by the United States Constitution. The Supreme Court subsequently held that *Johnson* applies retroactively in *Welch v. United States*, 136 S. Ct. 1257 (Apr. 18, 2016).

While petitioner believes that *Johnson* should apply to his sentence, he was not sentenced based on the problematic language in § 924(e)(2)(B). Indeed, he was not sentenced under that provision at all. Instead, on May 11, 2011, Ali entered a guilty plea to charges that he interfered with interstate commerce by committing robbery and brandishing a shotgun during a crime of violence in violation of the Hobbs Act, 18 U.S.C. § 1951, and 18 U.S.C. §§ 924(c). Accordingly, he was sentenced under § 924**(c)(1)**.

Still, this does not wholly resolve petitioner's challenge because the Seventh Circuit has held that the reasoning in *Johnson* applies to convictions under § 924(c) if an enhancement was imposed under § 924(c)(3)(B). *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). Under § 924(c)(1), a mandatory minimum sentence applies to "any person who, during and in relation to any crime of violence or drug trafficking crime" uses or carries a firearm. Unlike the definition of a "violent felony" considered by the Court in *Johnson*, however, a "crime of violence" is specifically defined as a felony offense that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

committing the offense.

§ 924(c)(3). In *Cardena*, the Seventh Circuit acknowledged that the definition of "crime of violence" under subsection (B) is "virtually indistinguishable" from the residual clause addressed in *Johnson*, and thus held that the enhancements under subsection (B) would be unconstitutional, 842 F.3d at 996, but the court also held that an enhancement under subsection (A) may be sustained. *Id.*

Thus, the remaining question for petitioner is whether his Hobbs Act robbery conviction falls under subsection (A) or (B), and unfortunately for petitioner, the Seventh Circuit already held in *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), that a "Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)**(A)**." *Id*. at 965, *vacated on other grounds*, *Anglin v. United States*, -- U.S. -- , 138 S. Ct. 126 (2017). Moreover, because Ali pled guilty to a Hobbs Act robbery, he "cannot use *Johnson* and *Cardena* to reopen the subject." *See United States v. Wheeler*, 857 F.3d 743, 744 (7th Cir. 2017). Accordingly, the holdings in *Johnson, Welch*, and *Cardena* do not impact Ali's sentence, and his petition must be denied. As a result, his pending motion for assistance of counsel (dkt. #3) is also rendered moot.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Because Ali has not made a substantial showing of a denial of a constitutional right, no certificate can issue. Ali is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he (1) files a notice of appeal in this court and (2) pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that:

1. Petitioner Kiwanta Ali's motion under 28 U.S.C. § 2255 is DENIED.
2. Petitioner's motion for assistance in recruiting counsel (dkt. #1) is also DENIED.
3. Petitioner Ali's petition is DISMISSED.

Entered this 20th day of December, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge